UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DEN BESTE,<br><br>  Appellant,<br><br>  v.<br><br>PATRICK BULMER,<br><br>  Defendants. | No. 13-cv-01893 TLN (BK)<br><br>**ORDER** |

This is an appeal of the Bankruptcy Court's dismissal of Appellant Paul Dan Beste's ("Appellant") involuntary petition.  Appellant filed his notice of Bankruptcy appeal on September 13, 2013.  (ECF 1.)  Appellant was served with the opening letter in bankruptcy appeal, which informed Plaintiff that, in accordance with Federal Rule of Bankruptcy Procedure[1] 8006, Appellant must file "a notice regarding the ordering of transcripts" and that the  "designation of record under  [Rule] 8006 is a necessary procedural step in the prosecuting [of] an appeal."[2]

---

[1]   All further reference to "Rule" or "Rules" is to the Federal Rules of Bankruptcy Procedure.

[2]   Plaintiff also filed an Amended Notice of Appeal "to include the January 30, 2014, Order Denying [Appellant's] Motion for Equitable Relief."  (ECF 9.)  Appellee moves to strike the Amended Notice of Appeal. (ECF 10.)  First, Appellant makes the same improper request—as described below—that this court order the bankruptcy court to provide Appellant with transcripts of the underlying bankruptcy proceedings.  Moreover, and more importantly, Appellant does not cite, and the court is unaware of, anything in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure that would permit a bankruptcy Appellant to amend an existing notice of

1

1    (ECF 2.)

2         On October 29, 2013, Deputy Clerk Wayne Blackwelder issued a notice of incomplete
3    record, informing Appellant that the record was incomplete for failure to file the reporter's
4    transcript and/or notice regarding the transcript and for failure to pay the filing fee.  (ECF 3.)
5    On November 11, 2013, the deputy clerk certified that the record was complete for purposes of
6    appeal and directed that the "record, including transcripts, shall be filed and served with briefs as
7    an appendix."  (ECF 4.)  The Deputy Clerk also issued a briefing schedule, requiring that
8    Appellant file his opening brief by November 26, 2013.  (Id.)

9         When Appellant failed to file his opening brief by the prescribed filing date, this court
10   issued an order to show cause why the "appeal should not be dismissed for failure to file his
11   appeal brief in accordance with the Court's Briefing Schedule."  (ECF 6.)  Instead of responding
12   directly to the order to show cause, Appellant filed a "request for orders to the Bankruptcy Court
13   Clerk" to accept and process his transcript order forms.  (ECF 7.)  Appellant has filed a
14   declaration stating that the clerk of the bankruptcy court refused to accept his transcript forms,
15   stating that "they do not accept transcript order requests."  (ECF 5, Ex. C.)  Appellant also filed as
16   exhibits the two transcript order forms Appellant attempted to deliver to the clerk of the
17   bankruptcy court.  (Id. Exs. B, C.)

18        The court finds that Plaintiff's response to the order to show cause is not a proper
19   response.  Specifically, instead of explaining specifically why Appellant failed to file his opening
20   brief in accordance with the court's briefing schedule, Appellant requested the court to order the
21   clerk of the bankruptcy court to process his transcript order forms and provide him with the
22   transcripts of the hearing on the motion to dismiss in the bankruptcy proceeding.  (ECF 7.)  It is
23   not the province of this Court, however, to order the clerk of the bankruptcy court to deliver
24   hearing transcripts to Appellant.

25   ///

26   ───────────────────────────────

27   appeal to encompass an appeal from an order issued by the Bankruptcy Court months after the
    order that is the subject of the existing appeal.  As such, Appellee's Motion to Strike is
28   GRANTED and Appellant's Amended Notice of Appeal (ECF 9) is hereby stricken.

Moreover, while the Court acknowledges that Plaintiff has attempted to obtain the hearing transcripts by delivering a transcript order form to the clerk of the bankruptcy court, Appellant has not fully complied with Rule 8006. Specifically, Rule 8006 requires Appellant to "**deliver to the reporter** and file with the clerk a written request for the transcript of any proceeding . . . ." Fed. R. Bankr. P. 8006 (emphasis added). The record demonstrates that while Appellant attempted to deliver the written request to the clerk, Appellant has not delivered the request to the reporter. In other words, it is not the duty of the clerk to provide Appellant with transcripts, but rather the duty of Appellant to obtain the transcripts from the reporter.

Finally, the Court notes that, if Plaintiff was represented by counsel, the Court would be inclined to dismiss this appeal for failure to comply with the court's briefing schedule, and for failure to properly respond to the Court's Order to Show Cause. However, because Appellant is proceeding pro se, the Court declines to issue a terminating sanction. Instead, the Court will allow Appellant additional time to perfect his appeal. It therefore ORDERED that, within twenty-one (21) days of the issuance of this order, Plaintiff must comply with Rule 8006 and file his opening brief. As such, the Court's Order to Show Cause is hereby rescinded as Plaintiff is allowed the aforementioned time to perfect his appeal. Failure to comply with this order will result in dismissal of this appeal.

Dated: April 15, 2014

Troy L. Nunley
United States District Judge