UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DEN BESTE,<br><br>    Apellant,<br><br>    v.<br><br>PATRICK BULMER ALSO KNOWN AS CALIFORNIA RECEIVERSHIP SERVICES,<br><br>    Defendant. | No. 2:13-cv-01893-TLN<br><br>**ORDER DISMISSING CASE** |

    The Court has issued numerous orders directing Appellant Paul Beste ("Appellant") to comply with the local rules governing the Eastern District of California as well as this Court's orders. (*See* ECF Nos. 17, 18, 22 and 24.) On April 16, 2014, the Court ordered Appellant to file his opening brief within twenty-one (21) days. (Order, ECF No. 18.) Appellant failed to comply. Accordingly, the Court issued an order to show cause on June 23, 2014, as to why Appellant had not adhered to the Court's order. (Min. Oder, ECF No. 22.) On July, 7, 2014, Appellant responded and, in turn, the Court afforded Appellant one last opportunity to comply. Thus, on July 11, 2014, this Court ordered Appellant to file his case brief with the District Court within fourteen (14) days. In its Order, the Court warned Appellant that should he once again fail to file his brief that this matter would be dismissed. The time for compliance has come and gone and the Court is still not in receipt of Appellant's case brief.

1

1  "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because
2  of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626,
3  629 (1962). The Ninth Circuit has set forth five factors that a district court must consider before
4  dismissing a case for failure to prosecute:

> [1] the court's need to manage its docket, [2] the public interest in
> expeditious resolution of litigation, [3] the risk of prejudice to
> defendants from delay, [4] the policy favoring disposition of cases
> on their merits.

*Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 651 (9th Cir. 1991). For the reasons set forth below, the Court finds that these factors weigh in favor of dismissing this case.

First, the Court has an inherent need to manage its docket. Appellant filed this case in September of 2013, and still has not filed his opening brief. In contrast, Appellee has been diligent in its defense. (*See* Appellee's Brief, ECF No. 20.) Consequently, the Court finds that this factor weighs in favor of dismissing this case. Second, the public's interest in expeditious resolution of litigation also favors dismissing this case because the Court is wasting its time and resources attempting to compel Appellant's cooperation in litigating his own case. Third, Appellant's repeated failure to respond to correspondence prevents Appellees from seeking some sort of resolution. Finally, although the disposition of cases based on their merits is preferred, it is unlikely that such is an option here. The Court simply cannot move forward without Appellant's assistance.

Thus, for the aforementioned reasons, the Court finds that all four factors support dismissing Appellant's case. As such the Court hereby DISMISSES all pending claims against Appellees in this action. This case is CLOSED.

IT IS SO ORDERED.

Dated: August 26, 2014

Troy L. Nunley
United States District Judge