UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DEN BESTE,<br><br>　　　　Appellant,<br><br>　　v.<br><br>PATRICK BULMER ALSO KNOWN AS CALIFORNIA RECEIVERSHIP SERVICES,<br><br>　　　　Appellee. | No. 2:13-cv-01893-TLN<br><br>**ORDER DENYING APPELLANT'S MOTION TO VACATE** |

　　　The Court has issued numerous orders directing Appellant Paul Beste ("Appellant") to comply with the local rules governing the Eastern District of California as well as this Court's orders. (*See* ECF Nos. 17, 18, 22 and 24.) On April 16, 2014, the Court ordered Appellant to file his opening brief within twenty-one (21) days. (Order, ECF No. 18.) Appellant complied but then failed to file his reply brief in accordance with the Court's briefing schedule. Accordingly, the Court issued an order to show cause on June 23, 2014, as to why Appellant had not adhered to the Court's order. (Min. Order, ECF No. 22.) On July, 7, 2014, Appellant responded and in turn the Court afforded Appellant one last opportunity to comply. Thus, on July 11, 2014, this Court ordered Appellant to file his reply brief with the District Court within fourteen (14) days. Appellant was further ordered to "notify the District Court in writing, within fourteen (14) days after service of Appellant's reply brief, that the appeal is ready for oral argument." (ECF No. 24.)

In its Order, the Court warned Appellant that should he once again fail to file his brief that this matter would be dismissed. Appellant failed to adhere. Thus, the Court dismissed Appellant's case on August 29, 2014. (*See* Am. Order, ECF No. 27.) Appellant filed the instant Motion to Vacate (ECF No. 29) on September 23, 2014.

Appellant's motion asserts that this Court should vacate the judgment against him because "creditor Paul Den Best did, ***in fact***, timely attempt to [file] and did have both documents presented to the Clerk of this Court, but the clerk refused to file both documents, which the Clerk is required to do even if the documents would have been defective in some manner." (ECF No. 29 at 3–4 (emphasis in original).) Appellant moves this Court to vacate under Federal Rule of Civil Procedure 60(a) and 60(b)(1) and (6). This Court addresses each section of Rule 60 separately below.

Rule 60(a) states: "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." The Court liberally construes Appellant's motion as asserting that the clerk of court erred in not accepting his filing and thus this Court's order should be vacated under Rule 60(a). Appellant's reliance on this rule is mistaken because this rule applies to correct a clerical mistake within an order or judgment. *See Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1298 (9th Cir. 2014). The clerk of court's alleged refusal to file Appellant's brief does not fall within the purview of Rule 60(a). Thus, the Court turns to Rule 60(b).

Rule 60(b) states that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." Thus, in order to prevail under Rule 60(b)(1), Appellant must establish that the Amended Order Dismissing Case and the Amended Judgment resulted from "mistake, inadvertence, surprise, or excusable neglect," or the Court must find that another reason proffered by Appellant justifies relief. In addition, Appellant must satisfy Rule 60 (c) which requires a motion under Rule 60(b) be made "within a reasonable time."

First, the Court is not convinced as to the veracity of Appellant's assertion that the clerk of court refused to file his briefs, especially in light of the numerous filings that Appellant has successfully filed with this Court.  Furthermore, the Court finds that Appellant was given numerous notices of his failures to adhere to the Court's scheduling order and thus his continued failure to adhere was not excusable neglect.  Appellant has not provided this Court with any reason for his continued failure to prosecute his case that would justify the relief sought.  Moreover, the Court finds it suspicious and unreasonable that Appellant waited over a month after the Court's judgment to respond by filing his motion to vacate and to suddenly produce his reply brief as an exhibit to his motion.  In sum, the Court finds that Appellant has not met his burden under Rule 60 and Appellant's Motion to Vacate (ECF No. 29) is DENIED.

IT IS SO ORDERED.

Dated:  March 3, 2015

Troy L. Nunley
United States District Judge